Duane Rodney JOHNSON,
Petitioner—Appellant,

v.

Silvia GARCIA, Warden, Calipatria
State Prison, Respondent—
Appellee.

No. 02–57027.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Nov. 6, 2003.

Tracy J. Dressner, Attorney at Law, La Crescenta, CA, for Petitioner–Appellant.

Corey J. Robins, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: B. FLETCHER, RYMER, and GRABER, Circuit Judges.

MEMORANDUM *

Petitioner Duane Johnson appeals the district court's decision denying his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review the district court's decision denying a habeas petition de novo. *Killian v. Poole*, 282 F.3d 1204, 1207 (9th Cir. 2002), *cert. denied*, 537 U.S. 1179, 123 S.Ct.

of this circuit except as provided by Ninth Circuit Rule 36–3.

**600**

992, 154 L.Ed.2d 927 (2003). Because Johnson's petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), habeas relief cannot be granted in this case unless the state court's adjudication of a federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d) (2000).

The decision of the California Court of Appeal that any error in admitting Johnson's statement was harmless was neither contrary to, nor an unreasonable application of, clearly established federal law. Although that court did not clearly articulate the *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), standard of harmless error analysis, it did cite that case and noted that it was inconceivable that the exclusion of Johnson's statements would have altered the result. Because the victim of the robbery had conclusively identified Johnson as the assailant, we cannot say that the California court's application of *Chapman* was unreasonable. Moreover, under *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), we cannot grant habeas relief in this case because the admission of Johnson's statements did not have "substantial and injurious effect or influence in determining the jury verdict." (Internal quotation marks omitted.)

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the